GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　-v-<br><br>THERESA NEUMANN,<br><br>　　　　　　　　　　Defendant. | No. 19 Civ. 9868 (___)<br><br>**COMPLAINT** |

　　　　Plaintiff the United States of America (the "United States"), by its attorney, Geoffrey S.

Berman, United States Attorney for the Southern District of New York, brings this civil action to

collect the unpaid civil penalties assessed against defendant Theresa Neumann ("Neumann") for

her failure to report her financial interest in foreign bank accounts, as required under the Bank

Secrecy Act, 31 U.S.C. § 5311 et seq., and its implementing regulations, in calendar years 2004

through 2008 and 2010; and to collect amounts that have continued to accrue since the date of

assessment.  The United States alleges upon information and belief as follows:

## JURISDICTION AND VENUE

　　　　1.　　　　The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C.

§ 5321(b)(2), at the direction of the Attorney General of the United States and at the request of,

and with the authorization of, the Commissioner of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute and the United States is the plaintiff.

3.      Venue is proper in this district under 28 U.S.C. § 1391(c)(3).

## REGULATORY BACKGROUND

4.      Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach person subject to the jurisdiction of the United States . . . having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," was required to report that interest for each calendar year in which such relationship existed.  31 C.F.R. § 103.24 (2010).[1]

5.      To fulfill this requirement, a U.S. person was required file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, also known as an "FBAR," by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 103.27(c) (2010); *see also United States v. Yermian*, No. SACV 15-0820-DOC, 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016) ($10,000 threshold met where "the aggregate amount in the accounts exceeds $10,000 in U.S. currency at any time during the year").

---

[1] The regulations under 31 U.S.C. § 5314 were amended in February 2011 and recodified at 31 C.F.R. pt. 1010.  *See* 76 Fed. Reg. 10,234 (Feb. 24, 2011).

6.     Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for failure to comply with the reporting requirements of § 5314.  Specifically, section 5321(a)(5)(B) provides for a civil penalty in an amount up to $10,000.

7.     The penalty set forth under 31 U.S.C. § 5321(a)(5)(B) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

8.     Neumann was a U.S. citizen during calendar years 2004 through 2008 and 2010. Neumann last had a timely U.S. tax return filed on her behalf for tax year 2005, and in December 2011, filed belated U.S. tax returns for tax years 2003, 2004, and 2006 through 2010.

9.     During calendar years 2004 through 2008 and 2010, Neumann did not reside in the United States.

10.    The FBAR penalties assessed against Neumann arise from five bank accounts in foreign countries in which she had a financial interest: two bank accounts at Union Bank of Switzerland ("UBS"); one bank account at Deutsche Bank ("Deutsche"); and two bank accounts at Bank Julius Bar & Co. ("Julius Bar").

**A.  The UBS Zurich Account Ending in 9651**

11.    From 1980 to 2008, Neumann had a financial interest in an account at UBS Zurich bearing number XXXX-XXXX9651[2] (the "9651 Account").

12.    The 9651 Account was a bank, securities, or other financial account in a foreign country.

---

[2] Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of financial account numbers herein are redacted.

3

13.     The balance of the 9651 Account in calendar years 2004 through 2007 was greater than $10,000.

14.     During calendar years 2004 through 2007, Neumann had a financial interest in the 9651 Account.

15.     In 2008, Neumann closed the 9651 Account, and transferred the funds in the 9651 Account to a Julius Bar account she opened in 2008, *see infra*.

**i.   Calendar Year 2004**

16.     The balance of the 9651 Account in calendar year 2004 was greater than $10,000.

17.     The highest account balance for the 9651 Account for calendar year 2004 was approximately $6,315,608.

18.     The year-end balance for the 9651 Account for calendar year 2004 was approximately $6,315,608.

19.     The due date for filing an FBAR for calendar year 2004 was June 30, 2005.

20.     Neumann failed to file an FBAR to report her interest in the 9651 Account for calendar year 2004 by the June 30, 2005 deadline.  Accordingly, Neumann failed to timely disclose the 9651 Account for calendar year 2004, as required by 31 U.S.C. § 5314.

**ii.   Calendar Year 2005**

21.     The balance of the 9651 Account in calendar year 2005 was greater than $10,000.

22.     The highest account balance for the 9651 Account for calendar year 2005 was approximately $6,277,932.

23.     The year-end balance for the 9651 Account for calendar year 2005 was approximately $6,277,932.

24.     The due date for filing an FBAR for calendar year 2005 was June 30, 2006.

25.     Neumann failed to file an FBAR to report her interest in the 9651 Account for calendar year 2005 by the June 30, 2006 deadline.  Accordingly, Neumann failed to timely disclose the 9651 Account for calendar year 2005, as required by 31 U.S.C. § 5314.

### iii. Calendar Year 2006

26.     The balance of the 9651 Account in calendar year 2006 was greater than $10,000.

27.     The highest account balance for the 9651 Account for calendar year 2006 was approximately $6,622,226.

28.     The year-end balance for the 9651 Account for calendar year 2006 was approximately $6,622,226.

29.     The due date for filing an FBAR for calendar year 2006 was June 30, 2007.

30.     Neumann failed to file an FBAR to report her interest in the 9651 Account for calendar year 2006 by the June 30, 2007 deadline.  Accordingly, Neumann failed to timely disclose the 9651 Account for calendar year 2006, as required by 31 U.S.C. § 5314.

### iv. Calendar Year 2007

31.     The balance of the 9651 Account in calendar year 2007 was greater than $10,000.

32.     The highest account balance for the 9651 Account for calendar year 2007 was approximately $7,456,347.

33.     The year-end balance for the 9651 Account for calendar year 2007 was approximately $7,456,347.

34.     The due date for filing an FBAR for calendar year 2007 was June 30, 2008.

35.     Neumann failed to file an FBAR to report her interest in the 9651 Account for calendar year 2007 by the June 30, 2008 deadline.  Accordingly, Neumann failed to timely disclose the 9651 Account for calendar year 2007, as required by 31 U.S.C. § 5314.

**B. The UBS Deutschland AG Account Ending in 8210**

36.     In 1996, Neumann opened an account at UBS Deutschland AG, bearing number XXXXX8210 (the "8210 Account").

37.     The 8210 Account was a bank, securities, or other financial account in a foreign country.

38.     The balance of the 8210 Account in calendar years 2005 through 2008 was greater than $10,000.

39.     During calendar years 2005 through 2008, Neumann had a financial interest in the 8210 Account.

**i.  Calendar Year 2005**

40.     The balance of the 8210 Account in calendar year 2005 was greater than $10,000.

41.     The highest account balance for the 8210 Account for calendar year 2005 was approximately $1,713,367.

42.     The year-end balance for the 8210 Account for calendar year 2005 was approximately $1,713,367.

43.     The due date for filing an FBAR for calendar year 2005 was June 30, 2006.

44.     Neumann failed to file an FBAR to report her interest in the 8210 Account for calendar year 2005 by the June 30, 2006 deadline.  Accordingly, Neumann failed to timely disclose the 8210 Account for calendar year 2005, as required by 31 U.S.C. § 5314.

**ii.  Calendar Year 2006**

45.     The balance of the 8210 Account in calendar year 2006 was greater than $10,000.

46.     The highest account balance for the 8210 Account for calendar year 2006 was approximately $1,903,821.

47.    The year-end balance for the 8210 Account for calendar year 2006 was approximately $1,903,821.

48.    The due date for filing an FBAR for calendar year 2006 was June 30, 2007.

49.    Neumann failed to file an FBAR to report her interest in the 8210 Account for calendar year 2006 by the June 30, 2007 deadline.  Accordingly, Neumann failed to timely disclose the 8210 Account for calendar year 2006, as required by 31 U.S.C. § 5314.

**iii.  Calendar Year 2007**

50.    The balance of the 8210 Account in calendar year 2007 was greater than $10,000.

51.    The highest account balance for the 8210 Account for calendar year 2007 was approximately $2,015,896.

52.    The year-end balance for the 8210 Account for calendar year 2007 was approximately $2,015,896.

53.    The due date for filing an FBAR for calendar year 2007 was June 30, 2008.

54.    Neumann failed to file an FBAR to report her interest in the 8210 Account for calendar year 2007 by the June 30, 2008 deadline.  Accordingly, Neumann failed to timely disclose the 8210 Account for calendar year 2007, as required by 31 U.S.C. § 5314.

**iv.  Calendar Year 2008**

55.    The balance of the 8210 Account in calendar year 2008 was greater than $10,000.

56.    The highest account balance for the 8210 Account for calendar year 2008 was approximately $1,446,334.

57.    The year-end balance for the 8210 Account for calendar year 2008 was approximately $1,446,334.

58.    The due date for filing an FBAR for calendar year 2008 was June 30, 2009.

7

59.     Neumann failed to file an FBAR to report her interest in the 8210 Account for calendar year 2008 by the June 30, 2009 deadline.  Accordingly, Neumann failed to timely disclose the 8210 Account for calendar year 2008, as required by 31 U.S.C. § 5314.

**C.  The Deutsche Bank Account Ending in 3100**

60.     In 1991, Neumann opened an account at Deutsche Bank, bearing number XXXXX3100 (the "3100 Account").

61.     The 3100 Account was a bank, securities, or other financial account in a foreign country.

62.     The balance of the 3100 Account in calendar years 2004 through 2008 was greater than $10,000.

63.     During calendar years 2004 through 2008, Neumann had a financial interest in the 3100 Account.

**i.  Calendar Year 2004**

64.     The balance of the 3100 Account in calendar year 2004 was greater than $10,000.

65.     The highest account balance for the 3100 Account for calendar year 2004 was approximately $52,435.

66.     The year-end balance for the 3100 Account for calendar year 2004 was approximately $52,435.

67.     The due date for filing an FBAR for calendar year 2004 was June 30, 2005.

68.     Neumann failed to file an FBAR to report her interest in the 3100 Account for calendar year 2004 by the June 30, 2005 deadline.  Accordingly, Neumann failed to timely disclose the 3100 Account for calendar year 2004, as required by 31 U.S.C. § 5314.

**ii. Calendar Year 2005**

69.     The balance of the 3100 Account in calendar year 2005 was greater than $10,000.

70.     The highest account balance for the 3100 Account for calendar year 2005 was approximately $42,897.

71.     The year-end balance for the 3100 Account for calendar year 2005 was approximately $42,897.

72.     The due date for filing an FBAR for calendar year 2005 was June 30, 2006.

73.     Neumann failed to file an FBAR to report her interest in the 3100 Account for calendar year 2005 by the June 30, 2006 deadline.  Accordingly, Neumann failed to timely disclose the 3100 Account for calendar year 2005, as required by 31 U.S.C. § 5314.

**iii. Calendar Year 2006**

74.     The balance of the 3100 Account in calendar year 2006 was greater than $10,000.

75.     The highest account balance for the 3100 Account for calendar year 2006 was approximately $35,236.

76.     The year-end balance for the 3100 Account for calendar year 2006 was approximately $35,236.

77.     The due date for filing an FBAR for calendar year 2006 was June 30, 2007.

78.     Neumann failed to file an FBAR to report her interest in the 3100 Account for calendar year 2006 by the June 30, 2007 deadline.  Accordingly, Neumann failed to timely disclose the 3100 Account for calendar year 2006, as required by 31 U.S.C. § 5314.

**iv. Calendar Year 2007**

79.     The balance of the 3100 Account in calendar year 2007 was greater than $10,000.

80.    The highest account balance for the 3100 Account for calendar year 2007 was approximately $59,456.

81.    The year-end balance for the 3100 Account for calendar year 2007 was approximately $59,456.

82.    The due date for filing an FBAR for calendar year 2007 was June 30, 2008.

83.    Neumann failed to file an FBAR to report her interest in the 3100 Account for calendar year 2007 by the June 30, 2008 deadline.  Accordingly, Neumann failed to timely disclose the 3100 Account for calendar year 2007, as required by 31 U.S.C. § 5314.

**v.  Calendar Year 2008**

84.    The balance of the 3100 Account in calendar year 2008 was greater than $10,000.

85.    The highest account balance for the 3100 Account for calendar year 2008 was approximately $58,576.

86.    The year-end balance for the 3100 Account for calendar year 2008 was approximately $58,576.

87.    The due date for filing an FBAR for calendar year 2008 was June 30, 2009.

88.    Neumann failed to file an FBAR to report her interest in the 3100 Account for calendar year 2008 by the June 30, 2009 deadline.  Accordingly, Neumann failed to timely disclose the 3100 Account for calendar year 2008, as required by 31 U.S.C. § 5314.

**D.  The Julius Bar Bank Accounts**

89.    In 2008, Neumann opened an account at Julius Bar, bearing number XXXXXXXX0201 (the "First Julius Bar Account").  That same year, Neumann transferred the funds from the 9651 Account to the First Julius Bar Account.

90.     In 2010, Neumann opened a second account at Julius Bar, bearing number XXXXXXXX02.01 (the "Second Julius Bar Account") (together with the First Julius Bar Account, the "Julius Bar Accounts").  That same year, Neumann transferred the funds from the First Julius Bar Account to the Second Julius Bar Account.

91.     The Julius Bar Accounts were bank, securities, or other financial accounts in a foreign country.

92.     The balance of the First Julius Bar Account in calendar year 2008 was greater than $10,000.

93.     During calendar year 2008, Neumann had a financial interest in the First Julius Bar Account.

94.     The balance of the Second Julius Bar Account in calendar year 2010 was greater than $10,000.

95.     During calendar year 2010, Neumann had a financial interest in the Second Julius Bar Account.

   **i.   The First Julius Bar Account**

96.     The balance of the First Julius Bar Account in calendar year 2008 was greater than $10,000.

97.     The highest account balance for the First Julius Bar Account for calendar year 2008 was approximately $6,591,765.

98.     The year-end balance for the First Julius Bar Account for calendar year 2008 was approximately $6,591,765.

99.     The due date for filing an FBAR for calendar year 2008 was June 30, 2009.

100.    Neumann failed to file an FBAR to report her interest in the First Julius Bar Account for calendar year 2008 by the June 30, 2009 deadline.  Accordingly, Neumann failed to timely disclose the First Julius Bar Account for calendar year 2008, as required by 31 U.S.C. § 5314.

**ii.  The Second Julius Bar Account**

101.    The balance of the Second Julius Bar Account in calendar year 2010 was greater than $10,000.

102.    The highest account balance for the Second Julius Bar Account for calendar year 2010 was approximately $6,199,312.

103.    The year-end balance for the Second Julius Bar Account for calendar year 2010 was approximately $6,199,312.

104.    The due date for filing an FBAR for calendar year 2010 was June 30, 2011.

105.    Neumann failed to file an FBAR to report her interest in the Second Julius Bar Account for calendar year 2010 by the June 30, 2011 deadline.  Although Neumann timely filed an FBAR for calendar year 2010 in June 2011, that FBAR did not report Neumann's interest in the Second Julius Bar Account.

106.    Accordingly, Neumann failed to timely disclose the Second Julius Bar Account for calendar year 2010, as required by 31 U.S.C. § 5314.

**E.  Examination and Assessment of Civil Penalties**

107.    In December 2011, Neumann belatedly filed certain FBARs for calendar years 2004 through 2008, which reported her financial interest in the 9651, 8210, 3100, and First Julius Bar Accounts.

108.    The IRS commenced its FBAR examination of Neumann in August 2012.

12

109.    In July 2016, Neumann agreed in writing to extend the time within which the Secretary of the Treasury may assess an FBAR penalty for calendar years 2004 through 2008 and 2010, thereby extending the deadline for assessment until December 31, 2017.

110.    On or about September 25, 2017, the IRS notified Neumann by letter that it proposed to assess penalties totaling $150,000.00 (the "FBAR Penalties") against Neumann for her failure to comply with FBAR filing requirements for calendar years 2004 through 2008 and 2010.

111.    Specifically, for calendar year 2004, the IRS proposed to assess a penalty in the amount of $20,000.00 for Neumann's failure to file FBARs: $10,000.00 for the 9651 Account, and $10,000.00 for the 3100 Account.

112.    For each of calendar years 2005 through 2007, the IRS proposed a penalty in the amount of $30,000.00 for Neumann's failure to file FBARs: $10,000.00 for the 9651 Account, $10,000.00 for the 8210 Account, and $10,000.00 for the 3100 Account.

113.    For calendar year 2008, the IRS proposed a penalty in the amount of $30,000.00 for Neumann's failure to file FBARs: $10,000.00 for the 8210 Account, $10,000.00 for the 3100 Account, and $10,000.00 for the First Julius Bar Account.

114.    For calendar year 2010, the IRS proposed a penalty in the amount of $10,000.00 for Neumann's failure to file an FBAR for the Second Julius Bar Account.

115.    Neumann did not request an appeal of the proposed FBAR Penalties.

116.    On October 31, 2017, the IRS assessed the FBAR Penalties as proposed.

117.    On or about November 1, 2017, the IRS notified Neumann of the FBAR Penalties that were assessed on October 31, 2017.

118.    Since the date on which the IRS assessed the FBAR Penalties, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3717(a)-(e).

## CLAIM FOR RELIEF
### Judgment for Civil Penalties, 31 U.S.C. § 5321(a)(5)

119.    The United States repeats and realleges the allegations in paragraphs 1 through 118 with the same force and effect as if set forth fully herein.

120.    By this action, the United States seeks to collect the FBAR Penalties assessed against Neumann by the IRS on October 31, 2017, plus interest and additional penalties that have accrued and that continue to accrue as provided by law.

121.    Neumann owes the United States FBAR Penalties totaling $150,000, plus $8,482.19 in associated penalties and $1,413.70 in accrued interest pursuant to 31 U.S.C. § 3717 which had accrued as of October 10, 2018, and which continue to accrue, less any amounts collected.

122.    The United States may bring suit to recover the FBAR Penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the FBAR Penalties were assessed.  31 U.S.C. § 5321(b)(2)(A).  This action is brought within the 2-year limitations period.

## RELIEF REQUESTED

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a)     awarding the United States the amount of Neumann's assessed and/or accrued FBAR Penalties totaling $159,895.89, plus interest and additional penalties as allowed by law from October 10, 2018, to the date of payment; and

14

(b)      granting the United States its costs incurred in connection with this action,

along with such further relief as the Court may deem just and proper.

Dated:      October 25, 2019
            New York, New York

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:      _/s/ Casey K. Lee_____
         CASEY K. LEE
         Assistant United States Attorney
         86 Chambers Street, 3rd Floor
         New York, New York 10007
         Tel.: (212) 637-2714
         Fax: (212) 637-2686
         casey.lee@usdoj.gov